UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| EBONY GREEN | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 2:17 CV 454 |
| | ) | (arising from No. 2:15 CR 18) |
| UNITED STATES OF AMERICA | ) | |

## OPINION and ORDER

Ebony Green has filed a motion (DE # 59) challenging her sentence pursuant to 28 U.S.C. § 2255. For the reasons identified below, Green's motion will be denied.

I.  BACKGROUND

On March 16, 2016, pursuant to her plea agreement with the government, Green pleaded guilty to possession with intent to distribute crack cocaine. (DE # 37.) On September 27, 2016, this court sentenced Green to a term of imprisonment of 77 months, a term of supervised release, and payment of a special assessment. (DE # 56.)

Green now moves to vacate her sentence on the basis that she received ineffective assistance of counsel. (*Id.*) While Green identifies two grounds in her motion, both grounds relate to the career criminal enhancement of her sentence pursuant to Section 4B1.1 of the United States Sentencing Guidelines ("the Guidelines"). In Ground One, Green argues that her counsel suffered from a conflict of interest because his father died during the pre-trial period. She claims that after her counsel's loss, he was preoccupied and incommunicative. (*Id.* at 4.) She also claims that her counsel "failed to

present a defense, failed to object to incorrect facts in the PSI,[1] breakdown in attorney/client communication." (*Id.*) Finally, Green argues that her counsel should have objected to the application of the career criminal enhancement to her sentence. (*Id.*)

In Ground Two, Green argues that her counsel failed to "challenge or consider the ramifications of the new Supreme Court decision in *Begay v. United States*, 128 S.Ct. 1581 (2008) family ending in *Johnson v. United States*, 135 S.Ct. 2551 (2015) . . . ." (*Id.* at 5.) She argues that, in light of *Johnson*, her aggravated battery conviction no longer qualifies as a predicate crime of violence for the purpose of the career criminal enhancement. (*Id.*) She also argues that the elements of her aggravated battery conviction are not the same as the elements of her conviction in this case, and thus it may not be used as a predicate offense. (*Id.*)

## II. LEGAL STANDARD

A § 2255 motion allows a person in federal custody to attack his or her sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. Rule 4 of the Rules Governing § 2255 Proceedings requires the court to promptly examine the motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*

---

[1] Green appears to reference the Presentence Investigation Report, hereafter referred to as the "PSI."

**III.    DISCUSSION**

As a preliminary matter, this court notes that Green's plea agreement contained an appeal waiver. (DE # 32 at 4.) "Appeal waivers in plea agreements are typically enforceable. However, for an appeal waiver to bar review, the issue appealed "must fall within its scope." *United States v. Adkins*, 743 F.3d 176, 192 (7th Cir. 2014) (internal citations omitted). Here, Green's plea agreement states that she agrees to waive her right to appeal her sentence and conviction "on any ground other than a claim of ineffective assistance of counsel." (*Id.*) Thus, because Green presently makes a claim of ineffective assistance of counsel, her claim is outside the scope of her appeal waiver and this court may consider her motion. *See United States v. Smith*, 669 F. App'x 314, 315–16 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1115 (2017).

"Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). "To satisfy the deficient performance prong, a petitioner must show that the representation his attorney provided fell below an objective standard of reasonableness." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (internal citation omitted).

To satisfy the prejudice prong, a petitioner must establish that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Sanders v. United States*, 288 F. App'x 283, 287 (7th Cir. 2008) (internal citation omitted). A petitioner's "failure to establish either element of the *Strickland* framework will result in denial of his claim." *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007).

Green identifies a number of issues regarding her counsel's performance, such as her counsel's failure to "present a defense" and failure to "object to incorrect facts in the PSI." (DE # 59 at 4.) However, she fails to provide any specific factual allegations regarding these claims. "To state an ineffective assistance claim, the petitioner must identify specific acts or omissions by defense counsel that fall outside the range of professionally competent assistance. Vague or general allegations are insufficient." *Jackson v. United States*, 28 F.3d 1216 (7th Cir. 1994) (table) (internal citation omitted). *See also Sanders*, 288 F. App'x at 287 (while petitioner alluded to a number of shortcomings in his counsel's performance, most of the theories were insufficiently developed to warrant consideration); *United States v. Penass*, 997 F.2d 1227, 1229 (7th Cir. 1993). Thus, this court will limit its review to the two claims that Green sufficiently developed: (1) her counsel was ineffective due to a death in his family; and (2) her counsel was ineffective for failing to object to the career criminal enhancement to her sentence.

    A.    *Conflict of Interest*

Green claims that her counsel suffered from a conflict of interest due to the death

of his father because her counsel "refuse[d] to communicate" with her during this time. (DE # 59 at 4.) However, she does not identify when precisely, or for how long, she had difficulty communicating with her attorney. Moreover, she fails to link her counsel's preoccupation to any prejudice she sustained.

Green's claims are similar to those in *Sanders v. United States*, 288 F. App'x 283 (7th Cir. 2008), where the petitioner argued that his counsel was ineffective because he was taking strong pain medication, experienced a death in the family, and was angry at petitioner. *Id.* at 287. The Seventh Circuit rejected this argument as "a nonstarter." *Id.* "Even if these allegations are true . . . they would not help [petitioner] overcome the 'strong presumption' that [defense counsel] performed reasonably at trial." *Id.* The petitioner was "required to identify specific acts or omissions by counsel that caused him prejudice, but these allegations have no apparent link to [counsel's] performance. Outside influences such as serious illness or use of medication might explain a deficiency, but they do not constitute deficiencies by themselves." *Id.*

Here, Green's conflict of interest claim fails for the same reason identified in *Sanders*. Green has not identified any prejudice she sustained as a result of her counsel's alleged preoccupation and failure to communicate. While the death of her counsel's father might serve as an explanation for a deficiency in his performance, she has not identified the deficient performance itself. To the extent that Green offered her counsel's failure to object to the career criminal enhancement as the deficient performance, that claim fails for the reasons identified in the following section.

B.  *Career Criminal Sentencing Enhancement*

Green appears to misunderstand the basis for her career criminal sentencing enhancement. Green argues that her attorney did not properly consider the application of *Johnson v. United States*, 135 S.Ct. 2551 (2015) to her case. However, *Johnson* pertained to the application of the "residual clause" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii); a statute not at issue in Green's case.

In this case, Green's career criminal enhancement was based on Section 4B1.1 of the Guidelines. This section states:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

§ 4B1.1(a). This enhancement was applied in Green's case based on her state convictions for aggravated battery and delivery of a controlled substance.

Green's aggravated battery conviction qualified as a prior crime of violence under the Guideline's "elements clause." The Guidelines define the term "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." § 4B1.2(a)(1). In November 2002, Green pled guilty to, and was convicted of, Aggravated Battery in Illinois state court. The indictment charged Green with intentionally causing great bodily harm to her victim by stabbing her victim about the body. At the time of her

6

conviction for aggravated battery, Illinois law stated, "[a] person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery." 720 ILCS 5/12-4 (effective Aug. 22, 2002 to Jan. 2, 2003). In light of this definition, Green was convicted of a state law offense that has as an element the use of physical force against the person of another. Therefore, her aggravated battery conviction was properly considered as a predicate offense for the Guideline's career criminal enhancement.

Green's second predicate offense(s) were her March 2006 convictions in Illinois state court for delivery of a controlled substance and possession of a controlled substance with intent to deliver. The Guidelines define the term "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." § 4B1.2(b). Thus, Green's controlled substance convictions were properly included as a predicate offense for purposes of her career criminal enhancement.

Green was properly classified as a career criminal under the Guidelines, and therefore her counsel did not err in failing to object to this enhancement. "Because a defendant's lawyer has an obligation to be truthful and forthright with the court, he has 'no duty to make a *frivolous* argument,' and indeed is barred by the rules of professional

7

ethics from doing so." *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) (emphasis in original) (internal citations omitted). Because Green has failed to identify "any *legitimate* objection" that her counsel should have made to the career criminal sentencing enhancement that "would have resulted in a more favorable sentence," she has failed to establish a claim for ineffective assistance of counsel. *Id.* at 650-51 (emphasis in original).

The matter of *United States v. Smith* serves as a cogent example of why Green's ineffective assistance claim must be denied. 669 F. App'x 314 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1115 (2017). In *Smith*, the petitioner argued that he received ineffective assistance of counsel because his counsel did not object to the district court's application of the career criminal enhancement in Guideline § 4B1.1. *Id.* at 315. There too, the petitioner argued that his counsel failed to take advantage of the Supreme Court's holding in *Johnson*. The Seventh Circuit rejected this argument. "The principal difficulty with this line of argument is that the district court did not rely on the residual clause." *Id.* Rather, the district court found that the defendant had a qualifying controlled substance offense, and convictions for battery and robbery under Illinois law that qualified as predicate violent offenses under the "elements clause." *Id.* "*Johnson* does not affect convictions classified under the elements clause of the Guidelines or the Armed Career Criminal Act." *Id.* Thus, defense counsel did not exhibit deficient performance

8

and the defendant's ineffective assistance claim failed.[2]

As explained above, Green was properly classified under the "elements clause" of the Guidelines. Moreover, *Johnson* is inapplicable to her case. Green has not shown that her counsel demonstrated deficient performance or that she was prejudiced by his performance. Thus, this court will deny Green's motion to vacate.

One final matter remains before the court. Green has moved for an evidentiary hearing on her motion to vacate. (DE # 61.) However, where a petitioner has failed to present facts necessary to substantiate her ineffective assistance claim, she cannot meet the threshold requirement for entitlement to an evidentiary hearing, and a district court may properly deny such a motion. *See Fuller v. United States,* 398 F.3d 644, 652 (7th Cir. 2005). *See also Sanders*, 288 F. App'x at 288. Thus, Green is not entitled to an evidentiary hearing, and her motion will be denied.

## IV. CONCLUSION

For these reasons, it "plainly appears from the face of the motion . . . and the prior proceedings in the case" that Green is not entitled to relief, and thus this court is required to dismiss her § 2255 motion pursuant to Section 2255 Habeas Corpus Rule 4. Accordingly, Green's motion to vacate (DE # 59) is summarily **DENIED** and **DISMISSED**. The court **DIRECTS** the Clerk to **ENTER FINAL JUDGMENT**

---

[2] The court notes that even if Green had been sentenced under the residual clause of the Guidelines, her claim would still fail. The Supreme Court has found that the residual clause in the Guidelines, unlike the residual clause in the Armed Career Criminal Act, is not unconstitutionally vague. *See Beckles v. United States*, 137 S. Ct. 886 (2017).

9

dismissing the collateral civil proceeding (2:17 CV 454) with prejudice, and to give notice to defendant-movant Green. The court also **DENIES** Green's motion for an evidentiary hearing (DE # 61), and **DENIES** Green's motion for status (DE # 60).

SO ORDERED.

Date: June 1, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT